IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOBIUS DAVIES, #A1014982, ) | CIV. NO. 20-00173 LEK-RT |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND AND |
| vs. ) | DENYING MOTIONS FOR |
| ) | APPOINTMENT OF COUNSEL |
| SGT LANA HEICK, CASE ) | |
| MANAGER CALVERT ) | |
| WILLEAMSON, WARDEN FRANCIS ) | |
| SEQUEIRA, DEP'T OF PUBLIC ) | |
| SAFETY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND
DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

Before the court is pro se Plaintiff Tobius Davies' prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983, two Motions for Appointment of Counsel, and other miscellaneous requests. *See* ECF Nos. 1, 5, and 6.[1] Plaintiff is incarcerated at the Oahu Community Correctional Center ("OCCC"). He alleges that Defendants the Hawaii Department of Public Safety ("DPS"), OCCC Warden Francis Sequeira, Sergeant Lana Heick, and Case Manager Calvert Willeamson denied him access to the courts in violation of the Eighth and Fourteenth

---

[1] The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for filed documents in the District of Hawaii.

Amendments.

For the following reasons, Plaintiff's Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), for Plaintiff's failure to state a colorable claim for relief. Plaintiff's Motions for Appointment of Counsel and miscellaneous requests are DENIED.

## I.   STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the

facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**

Plaintiff commenced this action on April 20, 2020. *See* Compl., ECF No. 1. He alleges that Defendant Sgt. Heick refused to provide him with pen, paper, envelopes, grievance forms,[2] or telephone calls while he was housed in the Special Holding Unit ("SHU") when she was on duty during the Second Watch. *Id.* at #5

---

[2] Plaintiff refers to these items as legal supplies throughout the Complaint.

(Count I).  He admits that he received the supplies from other officers when Heick was not on duty and from Case Manager Willeamson.  Although it is unclear whether or when Plaintiff was allowed to telephone his attorney, he states that he called the State of Hawaii Office of the Ombudsman to report Heick's actions.  Plaintiff also wrote and submitted ten grievances in January and February 2020 regarding Heick's actions.  He alleges that Heick's actions were retaliatory and prevented him from contacting his criminal defense attorney.[3]  He claims that this , resulted in his remaining incarcerated longer than his charges allow and caused him discomfort because his SHU cell was cold, lacked lighting, and sheets.

Plaintiff next alleges that Willeamson initially refused to provide him with paper, envelopes, pen or other supplies without payment.  *Id.* at #6 (Count II).  After Plaintiff told Willeamson that he was indigent, however, Willeamson gave Plaintiff six sheets of paper but allegedly refused to give him a pen.  When Plaintiff completed a motion to be sent to his defense attorney, he says that Willeamson refused to give him a large envelope without payment, but gave him a 4" by 6"

---

[3] Because Plaintiff raises the issue, the Court takes notice of his probation revocation proceedings and trial set for June 2020, in *State v. Davies*, Nos. 1PC151-001332 (Haw. 1st Cir. Ct.) and 1DTA-19-02042 (Haw. 1st Cir. Ct.). *See* https://www.courts.state.hi. (Search "eCourt Kokua"; then "Party Search") (visited 5/6/2020); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting court may take notice of other court proceedings "'within and without the federal judicial system,'" if they directly relate to matters at issue) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also* Fed. R. Evid. 201(b).

envelope. Plaintiff says this hindered his ability to fight his criminal charges.

Finally, Plaintiff alleges that Warden Sequeira denied or upheld the denial of the grievances that he filed against Heick and Willeamson. He says that Sequeira violated his right to due process when he accepted Heick and Willeamson's explanations rather than his.

Plaintiff seeks monetary damages and injunctive relief requiring Defendants to provide him the supplies he allegedly requires to pursue his claims.

### III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

**A.     Eleventh Amendment Immunity**

The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984. It does not bar official capacity suits for prospective relief to enjoin alleged ongoing violations of federal law, however. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

The Department of Public Safety is an agency of the state and is immune from suit under the Eleventh Amendment. Nor is it a "person" amenable to suit under § 1983. Plaintiff's claims against the Department of Public Safety are DISMISSED with prejudice.

Plaintiff says that he was denied supplies and telephone calls to his attorney from March 8 to April 12, 2020. It therefore appears that Plaintiff received the injunctive relief he seeks, that is, paper, a writing utensil, envelopes, postage, and access to the telephone, *before* he filed this action or his concurrently filed suit in *Davies v. Espinda*, No. 1:20-cv-00174 DKW-RT (D. Haw. 2020). Plaintiff's claims for injunctive relief against Defendants Heick, Willeamson, and Sequeira in their official capacities are also DISMISSED.

### B.      Claims Against Warden Sequeira are Dismissed

Warden Sequeira's only apparent connection to Plaintiff's claims is that he denied, or upheld the denial of, Plaintiff's grievances. This allegation fails to state a claim because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for § 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating prisoners have no "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding no due process violation based on improperly processed grievances); *see also Todd v. Cal. Dep't of Corr. and Rehabilitation*, 615 F. App'x 415, 415 (9th Cir. 2015) (same); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (affirming dismissal of claims against defendants who "were only involved in the

appeals process") (citing *Ramirez*, 334 F.3d at 860).  "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

Plaintiff due process claims against Warden Sequeira are DISMISSED for failure to state a colorable claim.

### C. Right of Access to the Court

Plaintiff alleges that Heick's and Willeamson's alleged refusal to provide him writing supplies, envelopes, postage, and telephone calls to his defense attorney denied him access to the courts.

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  That right is limited to filing direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354.  Claims for the denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th

Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

A plaintiff must allege an "actual injury" as the threshold requirement to any access to the courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

That is, a plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim, setting forth the nature and description of the underlying claim, "as if it were being independently pursued." *Harbury*, 536 U.S. at 413-14, 417. Finally, a plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Complaint fails to allege *any* actual injury to an existing or contemplated claim. It is devoid of any factual allegations describing the nature of the civil claims that he has lost, and Plaintiff does not explain how his ability to defend himself was actually hindered.

First, Plaintiff is represented by defense counsel in both of his pending state criminal proceedings. *See Davies*, Nos. 1PC151-001332 and 1DTA-19-02042. https://www.courts.state.hi. Plaintiff cannot state a claim against Hieck and Willeamson (or Sequeira) for the alleged denial of access to the courts in proceedings where he is represented by counsel. *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (holding that access to a court-appointed attorney satisfies prison authorities' obligation to provide prisoners meaningful access to the courts); *see also Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (affirming dismissal of a pretrial detainee's claim that prison officials denied him adequate access to a law library because he had court-appointed counsel); *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 855 (9th Cir. 1985) (holding that "a prison must provide inmates with access to an adequate law library or, in the alternative, with adequate assistance from persons trained in the law"); *Senters v. Circuit Court of Oregon for Lane Cty.*, 2020 WL 1281233, at *2 (D. Or. Mar. 16, 2020) (same).

Plaintiff also provides insufficient facts to show that he was denied contact with his attorney. Although he may have been unable to telephone his attorney for one month, he does not say that he was unable to meet with his attorney in person, speak to his attorney when his attorney called, or was denied the right to appear in state court when his presence was required.[4]

Moreover, Plaintiff currently has two pending suits in this Court against OCCC prison officials that are still ongoing and have not been dismissed. He has been able to file the complaints, applications for in forma pauperis, and two motions for appointment of counsel in these cases. He has missed no deadlines in either case.

Plaintiff's Complaint sets forth insufficient facts showing that Heick or Willeamson caused him "actual prejudice" with respect to any past, present, or contemplated case, "such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. Plaintiff fails to state a colorable claim for the denial of access to the courts and this claim is DISMISSED.

### D.     Retaliation

---

[4] Plaintiff does not explain when he telephoned the Ombudsman, why Heick allegedly denied him telephone calls to his attorney, or whether this denial only occurred when Heick was on duty during the Second Watch, or only while he was in the SHU.

Plaintiff alleges that Sgt. Heick retaliated against him when she denied him writing supplies and telephone calls while he was in the SHU.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).  It is the plaintiff's burden to plead and prove each of these elements. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Under the first element, a plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. *Id.*; *see also Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (holding transfer to a different prison constituted adverse action for purposes of retaliation claim).  The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for a retaliatory motive.

To prove the second element – retaliatory motive – a plaintiff must show

that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). That is, a plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; speculation is not sufficient. *See McCollum v. Cal. Dep't of Corr. and Rehabilitation*, 647 F.3d 870, 882-83 (9th Cir. 2011); *accord Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; or (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

The third element concerns a prisoner's right to access the courts, which encompasses the right to file grievances without interference. *See Lewis*, 518 U.S. at 346; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) ("[A] prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system."), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). Protected speech also includes an inmate's statement of intent to pursue an administrative grievance or civil litigation. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Rhodes*, 408 F.3d at 567; *Bruce v. Ylst*, 351 F.3d

1283, 1288 (9th Cir. 2003).

Under the fourth element, a plaintiff need not demonstrate a "total chilling of his First Amendment rights," but only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568-69 (citation and internal quotation marks omitted). Direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. *Id.* at 568 n.11. Thus, "a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. *Brodheim*, 584 F.3d at 1269 (citing *Rhodes*, 408 F.3d at 568 n.11).

Finally, preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Rizzo*, 778 F.2d at 532. When considering this factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). A plaintiff must prove that the alleged retaliatory motive was the but-for cause of the

challenged actions.  *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

### 1.   *Analysis*

Plaintiff states that when he was in the SHU, Heick denied him pen, paper, envelopes, grievance forms, and legal calls.  He says that *after* she did this, in January and February 2020, he filed grievances against her through to the third step and called the Ombudsman.  But Plaintiff also says he was denied these supplies for one month in March and April.  This confusing chronology does not support a finding that Heick retaliated against him for filing grievances against her, if she did so *before* he grieved her actions.

Nor does Plaintiff allege any *other* protected conduct in which he engaged, and of which Heick was aware, for which she retaliated against him.  That is, Plaintiff alleges nothing showing a "substantial" or "motivating" factor behind the Heick's alleged retaliation.  *Brodheim*, 584 F.3d at 1269, 1271.  Plaintiff does not demonstrate that he was denied access to the courts, was unable to file grievances, or any other chilling affect showing he suffered some *other harm*, beyond Heick's alleged denial of writing supplies and telephone access that constitute the challenged acts.  Rather, Plaintiff's statement of facts and the record before this Court, show that he was *not* denied supplies, because he obtained what he needed from other officers and from Willeamson.  There may be rules regarding what

15

writing materials SHU inmates are allowed to receive or when they are allowed to make telephone call. Plaintiff provides insufficient facts to support a plausible inference that Heick retaliated against him for exercising protected activities.

Plaintiff fails to assert sufficient facts for the Court to plausibly infer that Heick retaliated against him for exercising her First Amendment rights. As such, Plaintiff's retaliation claim against Heick is DISMISSED with leave granted to amend.

## IV. LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before July 29, 2020. The amended pleading must cure the deficiencies in Plaintiff's claims and may not expand those claims beyond those already alleged, or add new claims without explaining how they relate to the original claims alleged against Defendants Sequeira, Heick, and Willeamson.

Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. An amended pleading must be submitted on the court's prisoner civil rights form, and it will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa*

*Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Plaintiff fails to file a timely amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[5]

## V. **MOTIONS FOR APPOINTMENT OF COUNSEL**

There is no constitutional right to counsel in a civil case where a litigant's liberty is not at issue. *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). The appointment of counsel is governed by the plaintiff's likelihood of success on the merits, ability to articulate his claims in light of their complexity, and a showing of "exceptional circumstances" supporting the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Plaintiff seeks appointment of counsel based on his indigence, lack of legal knowledge, inability to find an attorney willing to take his case, and alleged lack of writing materials. Plaintiff is able to coherently articulate his claims and they are

---

[5] 28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

not complex. He has filed two recent actions in this federal court,[6] in which he has been able to complete in forma pauperis applications, and two motions for appointment of counsel in each case, which contradicts his claim that he requires counsel because he is being denied access to writing materials.

If Plaintiff has further difficulties accessing writing supplies, he may show this Order to his unit manager or other appropriate OCCC official as proof that he has two ongoing actions in the federal court and will require sufficient supplies to litigate them. Otherwise, Plaintiff has not shown a likelihood of success on the merits of his claims and there are no exceptional circumstances that justify the appointment of counsel at this time. Plaintiff's Motion for Appointment of Counsel, ECF Nos. 5 and 6 are DENIED without prejudice.

Plaintiff also requests a copy of the Local Rules for the District of Hawaii and a pen. The Local Rules are available at all prison facilities in Hawaii and Arizona where Hawaii's inmates are housed. Plaintiff is DIRECTED to request access to these Local Rules from the appropriate prison official at OCCC. Plaintiff has obviously been able to secure a writing utensil and does not require court intervention. Plaintiff's requests for a copy of the Local Rules for the District of

---

[6] In addition to the present suit, Plaintiff is also litigating *Davies v. Heick*, No. 1:20-cv-00173 LEK-RT (D. Haw. 20202).

Hawaii and a pen are DENIED.

## VI. **CONCLUSION**

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Plaintiff's failure to state a colorable claim for relief against any Defendant.  Plaintiff's claims against the Department of Public Safety are dismissed with prejudice.  All other claims are dismissed with leave granted to amend.

(2)  Plaintiff may file an amended pleading on or before July 29, 2020. Failure to file a timely amended pleading that cures the deficiencies in Plaintiff's claims may result in dismissal of this action with prejudice and without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with the directions of this Order.

(3)  Plaintiff's Motions for Appointment of Counsel and other miscellaneous requests are DENIED.

IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, May 8, 2020.



                               /s/ Leslie E. Kobayashi  
                               Leslie E. Kobayashi  
                               United States District Judge

*Davies v. Heick, et al.*, No. 1:20-cv-00173 LEK-RT Scrg '20 (dsm access ct., retal., & May 8, 2020couns)