UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TOBIUS DAVIES,<br><br>               Plaintiff,<br><br>   vs.<br><br>SGT LANA HEICK, OFFICER, OAHU COMMUNITY CORRECTIONAL CENTER; CALVERT WILLEAMSON, CASE MANAGER, OAHU COMMUNITY CORRECTIONAL CENTER; AND FRANCIS SEQUEIRA, WARDEN;<br><br>               Defendants. | CIV. NO. 20-00173 LEK-RT |

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Pro se Plaintiff Tobius Davies ("Plaintiff") commenced this civil case on April 17, 2020.  [Prisoner Civil Rights Complaint, filed 4/17/20 (dkt. no. 1).]  Plaintiff filed a first amended complaint on May 26, 2020, [dkt. no. 8,] and a second amended complaint on July 20, 2020, [dkt. no. 15].  On October 19, 2020, Plaintiff filed a change of address notification and provided the Clerk's Office with his new address.  [Dkt. no. 21.]  On February 5, 2021, Plaintiff failed to appear at a confidential telephone conference before the magistrate judge, and had not provided the district court with a contact telephone number, resulting in a warning from the magistrate judge that all parties, including pro se litigants, are required to make their court appearances, and that failing

to appear could result in dismissal of Plaintiff's case. [Minutes, filed 2/5/21 (dkt. no. 39).]

On February 9, 2021, Defendants Lana Heick and Francis Sequeira ("Defendants") filed their Motion for Partial Summary Judgment. [Dkt. no. 40.] On February 16, 2021, Plaintiff once again failed to appear at a telephone conference before the magistrate judge, and a second warning was issued, stating that failing to abide by court rules or appear as required could result in dismissal of his case. [Minutes, filed 2/16/21 (dkt. no. 43) ("2/16/21 Warning").] It was also noted that nothing in the record indicated that mail sent to Plaintiff had been returned to the Clerk's Office as undeliverable. [Id.] On February 17, 2021, this Court issued a briefing schedule for Defendants' Motion for Partial Summary Judgment ("Briefing Schedule"). [Minute Order, filed 2/17/21 (dkt. no. 44).] On March 1, 2021, the 2/16/21 Warning was returned to the Clerk's Office as undeliverable mail. [Dkt. no. 45.] On March 5, 2021, the Briefing Schedule was returned to the Clerk's Office as undeliverable Mail. [Dkt. no. 46.] Plaintiff did not file a response to Defendants' Motion for Partial Summary Judgment.

## DISCUSSION

"District courts have inherent power to control their dockets[,]" and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Hous.

2

Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629–32, 633 (1962) (recognizing courts' power to control their dockets, with or without a motion, and noting that, in appropriate circumstances, the court may dismiss a complaint for failure to prosecute without notice or a hearing).  This inherent power is recognized in Fed. R. Civ. P. 83(b): "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."  A court's power "to regulate litigation before it" is "broader and more flexible than the authority specified in Fed. R. Civ. P.  41(b)."  Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 951 (9th Cir. 1976) (some citations omitted) (citing Link, 370 U.S. 626).

       Thus, a court may dismiss an action based on a party's failure to prosecute or failure to comply with federal or local rules of civil procedure.  Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action sua sponte based on a plaintiff's failure to prosecute the case, comply with the Federal Rules of Civil Procedure, or follow court orders).

       The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious

>           resolution of litigation; (2) the court's need to
>           manage its docket; (3) the risk of prejudice to
>           the other party; (4) the public policy favoring
>           the disposition of cases on their merits; and
>           (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (citations and quotation marks omitted). "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

While Plaintiff had been active in this case since filing it nearly a year ago, he has since discontinued his participation, has not provided a telephone number, and mail sent to the address he provided has been returned to the district court as undeliverable. It appears Plaintiff has actually received at least one of the warnings that failing to appear at his scheduled court appearances or otherwise comply with court rules could result in dismissal of his case.

The Court therefore turns to the five factors that must be considered prior to dismissal for failure to prosecute. Plaintiff's failure to file a response to the Motion for Partial Summary Judgment or appear at his scheduled conferences inhibit the Court's ability to move the case forward, and demonstrate Plaintiff's inability or unwillingness to litigate his case. The delay has not been particularly lengthy. However, Plaintiff has not filed anything or appeared in the case since October 2020. Furthermore, no explanation for the delay has been

4

provided, nor has Plaintiff indicated when the delay might end and the case could resume normal progress. Because the indefinite and unexplained delay is an unreasonable burden on Defendants who have been actively and responsively defending this action, they are entitled to a presumption of prejudice. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (noting that a rebuttable presumption of prejudice arose in a case where the unreasonableness of the delay was evidenced by the length).

"[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute. A relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984). In light of the instant delay, dismissal with prejudice would be unduly harsh, therefore dismissal is without prejudice. That is, Plaintiff is permitted to refile his claims in a new case. Consequently, even assuming the fourth factor, the policy in favor of reaching the merits, weighs in favor of not dismissing the case, the fifth factor weighs in favor of dismissal, because Plaintiff's failure to appear at his conferences or file a response to the Motion for Partial Summary Judgment demonstrate that no less-drastic sanctions are available, especially as mitigated by the fact that dismissal is without prejudice.

In sum, although the delay is not outrageous, the Clerk's Office's inability reach Plaintiff by mail or telephone, his failure to appear at two consecutive conferences, and his failure to file a response to the Motion for Partial Summary Judgment all demonstrate that the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Therefore, this action is dismissed without prejudice.

Because the case is dismissed for failure to prosecute, Defendants' Motion for Partial Summary Judgment is denied as moot.

## CONCLUSION

For the foregoing reasons and having fully considered the five factors indicated above, this action is DISMISSED WITHOUT PREJUDICE to Plaintiff filing his claims in a **new case.** Defendants Lana Heck and Francis Sequeira's Motion for Partial Summary Judgment, filed February 9, 2021, is DENIED AS MOOT, and the hearing on the motion, currently scheduled for April 2, 2021 at 10:30 a.m., is VACATED. The Clerk's Office is DIRECTED to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 24, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TOBIUS DAVIES VS. SGT LANA HEICK, ET AL; CV 20-00173 LEK-RT; ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**